
FILED
U.S. DISTRICT COURT
SA...H DIV.
2009 FEB 27 PM 3: 19
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BRIAN L. RAULS, )<br>)<br>Defendant. )<br>) | CASE NO. CR507-021 |

### O R D E R

Before the Court is Defendant Brian Rauls's "Motion to Dismiss Indictment as to Brian Rauls Due to Defendant Deprived of Right to Speedy Trial." (Doc. 107.) In its Response, the Government concedes that the technical requirements of the Speedy Trial Act were not met. (Doc. 108 at 2.) Therefore, Defendant's Motion is **GRANTED**. After viewing the totality of the circumstances in light of the statutory factors contained in 18 U.S.C. § 3162(a)(2), and considering the constitutional standards announced in Barker v. Wingo, 407 U.S. 514 (1972), the Court concludes that this case should be **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Defendant Rauls was indicted, along with Defendant Armaund J. Sims, for possession with intent to distribute approximately ninety-nine pounds of marijuana. (Doc. 1.) On February 4, 2008, both Defendant Rauls and Defendant Sims appeared before the Magistrate Judge for arraignment,

where they entered pleas of not guilty. (Doc. 11.) Defendant Rauls quickly filed several evidentiary motions, including a Motion for Disclosure of Plea Agreement filed on March 20, 2008. (Doc. 30.) The Government issued a Superseding Indictment on April 3, 2008, adding Defendant Uriel Amaya, Jr. as a defendant.[1] On April 30, 2008, Defendant Sims appeared before this Court and entered a plea of guilty to count one of the Superseding Indictment. (Doc. 54.) After the numerous motions filed by Defendant Rauls and Defendant Amaya were resolved,[2] the Court sentenced Defendant Sims on December 11, 2008.

On January 12, 2009, Defendant Rauls filed the Motion to Dismiss presently before the Court. In the Motion, Defendant Rauls argues that after September 2, 2008, when the Magistrate Judge resolved all pending motions, there has been no excludable time. Therefore, Defendant Rauls reasons that, as of January 12, 2009, his cased must be dismissed because more than seventy non-excludable days had elapsed and the Government failed to bring him to trial.

In its Response to Defendant Rauls's Motion to Dismiss, the Government conceded that the technical requirements of the Speedy Trial Act had not been met.

---

[1] Defendant Amaya was finally arrested on June 10, 2008 in the District of Arizona.
[2] Defendant Rauls filed 16 motions between March 5 and June 10, 2008. Defendant Amaya filed 12 motions on July 21, 2008.

2

(Doc. 108 at 2.) The Government, therefore, consented to the dismissal of the Indictment against Defendant Rauls, but argued that it should be dismissed without prejudice.

**ANALYSIS**

When a case is dismissed under the Speedy Trial Act, the Government must offer "some affirmative justification" why the dismissal should be without prejudice. <u>United States v. Godoy</u>, 821 F.2d 1498, 1505 (11th Cir. 1987). However, the Eleventh Circuit Court of Appeals perceives no statutory preference for either form of dismissal. <u>United States v. Miranda</u>, 835 F.2d 830, 834 (11th Cir. 1988). Accordingly, the decision to dismiss with or without prejudice is left "to the sound discretion of the district court." <u>United States v. Derose</u>, 74 F.3d 1177, 1182 (11th Cir. 1996). In exercising this discretion, the Court "shall consider, among others, each of the following factors: the seriousness of the offense; the fact and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and the administration of justice." 18 U.S.C. § 3162(a)(2).

In the instant case, the Court finds that the alleged offense is serious. Defendant is charged with conspiracy to distribute, and possession with intent to distribute, approximately ninety-nine pounds of marijuana. Defendant

is also charged with possession of a firearm in furtherance of a drug trafficking crime. If convicted, Defendant is subject to a minimum sentence of five years and a maximum sentence of life imprisonment. The Court further finds that the Government has acted in good faith while prosecuting this case and is not responsible for the purported failure to try Defendant in the time mandated by the Speedy Trial Act.³ Finally, the Court finds that the Government's ability to reprosecute Defendant has minimal impact on the "administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. §§ 3162(a)(2).

After viewing the totality of the circumstances in light of these statutory factors, and considering the constitutional standards announced in Barker v. Wingo, 407 U.S. 514 (1972), the Court concludes that this case should be **DISMISSED WITHOUT PREJUDICE**.

While the Court has granted Defendant's Motion based on the Government's concession that the technical requirements of the Speedy Trial Act were not met, the Court is doubtful that the Act actually mandates dismissal in this case. The Speedy Trial Act requires that a defendant be brought to trial within seventy days of either

---

³ The Court notes that, at all times, the Government was diligent in prosecuting this case. The failure, if any, to set this case for trial was not the fault of either party.

4

the filing of his indictment or his first appearance before a judicial officer, whichever is later. United States v. Williams, 197 F.3d 1091, 1093 (11th Cir. 1999) (citing United States v. Davenport, 935 F.2d 1223, 1227 (11th Cir. 1991)). The Act lists several periods of time that may be excluded from the seventy-day requirement. See 18 U.S.C. § 3161(h). The period of time "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is properly excludable. Id. § 3161(h)(1)(F).

In addition, a period of time that is excludable as to one defendant is excludable as to all co-defendants. Id. § 3161(h)(7) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"). In a recent unpublished opinion, the Eleventh Circuit Court of Appeals held that delay due to a court's consideration of a defendant's plea agreement is properly excludable as to his co-defendants. United States v. Childers, 290 Fed. App'x 253, 254-55 (11th Cir. 2008) (unpublished). Specifically, the Eleventh Circuit determined in Childers that the period of delay between a defendant's plea hearing and his sentencing is excludable as to all co-defendants. Id.

5

Defendant Rauls was arraigned on February 4, 2008, marking the start of his seventy-day period. On February 21, 2008, Defendant Sims filed a Motion to Suppress (Doc. 20), marking the start of excludable time.[4] On April 30, 2008, while there were still pending motions in the case, Defendant Sims changed his plea to guilty. (Doc. 55.) This Court adjudged Defendant Sims guilty and entered a sentence on December 12, 2008.[5] Based on Childers, the period of time between Defendant Sims filing the Motion to Suppress and this Court sentencing Defendant Sims is properly excludable as to Defendant Rauls. In addition, the period of time from January 12, 2009, when Defendant Rauls filed the Motion presently before the Court, to the present is excludable. Therefore, according to the Court's calculations based on Childers, only forty-six non-excludable days have elapsed since Defendant Rauls was arraigned. This Court reasons that, under the Eleventh Circuit's holding in Childers, Defendant Rauls may not be entitled to relief under the Speedy Trial Act.

Nevertheless, the Government, in its response (Doc. 108), did not raise that argument and conceded that the technical requirements of the Speedy Trial Act had not been

---

[4] Sixteen non-excludable days elapsed prior to Defendant Sims filing the Motion to Suppress.
[5] On September 11, 2008, the Court resolved any remaining motions in this case. (Doc. 102.)

met. The Court is hesitant to force the Government to prosecute a case where the Government has consented to its dismissal. Therefore, in light of the Government's concession, the Court will **DISMISS** the Indictment with respect to Defendant Rauls.

### CONCLUSION

After careful consideration, Defendant Rauls's Motion to Dismiss is **GRANTED**. The Indictment, with respect to Defendant Rauls, is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 27th day of February, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA